Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2032 | **DATE** | 2/2/2004 |
| **CASE TITLE** | Blanchard, et al. vs. Speedway | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order granting defendants' motion to dismiss §2000a claims of all plaintiffs other than Perry Whiteside (55-1) and denying their motion to strike the class allegations (55-2). The motion to dismiss with respect to Ms. McCarroll's claim under §§ 1891-1982 is also granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | FEB 0 3 2004 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 68 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 2/2/2004 | |
| MPJ | courtroom deputy's initials | | | date mailed notice MPJ6 | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LENORE BLANCHARD, LANITA GRAY, KENNETH JOHNSON, CHRISTOPHER LAWSON, DEBRA MCCARROLL, BRUCE POLK, ISABELLA SMITH, KERRY STEWART, and PERRY WHITESIDE, <br><br> Plaintiffs, <br><br> v. <br><br> SPEEDWAY SUPERAMERICA, LLC, <br><br> Defendant. | No. 02 C 2032 |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are African-American customers of defendant Speedway Superamerica, LLC ("Speedway"), a gas station chain, who were allegedly obliged to pay for gasoline before filling their tanks ("pre-payment") while white customers were allowed to fill their tanks and pay afterwards. The plaintiffs seek relief on behalf of themselves and a yet-to-be-certified class of African-American customers under 42 U.S.C. §§ 1981-1982 (Count I) and 42 U.S.C. § 2000a (Count II). Speedway moves to dismiss the § 2000a claims of all plaintiffs other than Perry Whiteside for failure to comply with state notice requirements, to strike the class allegations corresponding to that claim, and to dismiss plaintiff Debra McCarroll's claim under Count I under the statute of limitations. I GRANT the motions to dismiss, but DENY the motion to strike.

§ 2000a states that no civil action may be brought under the section "before the expiration of thirty days after written notice of such alleged [discriminatory] act or practice has been given to the appropriate state or local authority." Named plaintiffs in class action suits must meet notice and exhaustion requirements, even though class members need not. *Robinson v. Sheriff of Cook County*, 167 F.3d 1155, 1156 (7th Cir. 1999) (class member who never filed a discrimination charge with the EEOC could not serve as class representative in a Title VII case). Both Illinois and Indiana, where the incidents alleged in this case took place, have laws prohibiting racial discrimination and agencies designed to investigate and remedy such discrimination. *Stearnes v. Baur's Opera Opera House*, 3 F.3d 1142, 1144-5 (7th Cir. 1993); *Swarn v. Pizza King*, No. IP 01-1150-C-T/K, 2001 WL 1712507, at *2 (S.D. Ind. Dec. 6, 2001).

It is undisputed that of the named plaintiffs, only Mr. Whiteside filed a notice with a local anti-discrimination agency before this lawsuit was filed. Plaintiffs argue that this notice from Mr. Whiteside is sufficient to notify the state as to all named plaintiffs, but do not cite to a single case where a court has waived the notice requirement. The purpose of the notice requirement is to provide the state with an opportunity to remedy the discrimination before costly and time-consuming litigation is pursued. *Hill v. Shell Oil Co.*, 78 F. Supp. 2d 764, 770 (N.D. Ill.

2

1999) (Moran, J.). Notice of one incident of discrimination against one individual is not the same as notice of an ongoing, widespread pattern of disparate treatment based on race, such as the plaintiffs allege here. As the notice requirement was not met, the plaintiffs other than Mr. Whiteside cannot sustain their individual claims, and thus they cannot serve as class representatives, though it is possible that they may recover as class members if the plaintiff class is certified. *See Halton v. Great Clips, Inc.*, 94 F. Supp. 2d 856, 861 (N.D. Oh. 2000) (holding that named plaintiffs who did not file claims with the state civil rights commission could not seek relief in federal court under § 2000a and thus could not serve as class representatives). The motion to dismiss the claims brought by Ms. Blanchard, Ms. Gray, Mr. Johnson, Mr. Lawson, Ms. McCarroll, Mr. Polk, Ms. Smith, and Kerry Stewart under § 2000a is GRANTED.

One named plaintiff is all that is required to pursue a class action. Defendants offer no explanation why Mr. Whiteside could not potentially serve as that representative. Therefore, the motion to strike class allegations is DENIED.

Plaintiffs admit that Ms. McCarroll's action for damages under §§ 1981-1982 is time-barred, but argue that the claim need not be dismissed, because she may still seek injunctive relief. Again, plaintiffs cite to no authority to support the proposition that equitable relief is available to a plaintiff whose claim for

3

damages is time-barred; the usual rule is that where both legal and equitable remedies are available (as under §§ 1981 and 1982), and the legal claim is barred, so too is the equitable claim. *Nemkov v. O'Hare Chicago Corp.*, 592 F.2d 351 (7th Cir. 1979). The motion to dismiss Ms. McCarroll's claim under §§ 1981-1982 is GRANTED.

ENTER ORDER:

*Elaine L Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated: February 2, 2004

4