# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2032 | **DATE** | 7/19/2004 |
| **CASE TITLE** | Blanchard, et al. Vs. Speedway Superamerica, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order granting plaintiffs' motion for class certification. The class is certified as to African-Americans required to prepay for gasoline at the defendant's stations in Cook, Lake, DuPage, McHenry, Will, and Kane Counties in Illinois as well as Lake County in Indiana.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | 2 | | **Document Number** |
|---|---|---|---|---|---|---|---|
| | No notices required. | | | | number of notices | | |
| X | Notices mailed by judge's staff. | | | | JUL 2 0 2004 | | |
| | Notified counsel by telephone. | | | | date docketed | | 76 |
| ✔ | Docketing to mail notices. | | | | GMA | | |
| | Mail AO 450 form. | | U.S. DISTRICT COURT | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | CLERK | | 7/19/04 | | |
| | | | 2004 JUL 19 PM 3:50 | | date mailed notice | | |
| MPJ | courtroom deputy's initials | | FILED-EGI | | MPV | | |
| | | | Date/time received in central Clerk's Office | | mailing deputy initials | | |

LENORE BLANCHARD, LANITA GRAY, )
KENNETH JOHNSON, CHRISTOPHER )
LAWSON, DEBRA MCCARROLL, BRUCE )
POLK, ISABELLA SMITH, KERRY )
STEWART, and PERRY WHITESIDE, )
)
        Plaintiffs, )
)
v. )   No. 02 C 2032
)
SPEEDWAY SUPERAMERICA, LLC, )
)
        Defendant. )

**DOCKETED**

**JUL 2 0 2004**

## MEMORANDUM OPINION AND ORDER

Plaintiffs are African-American customers of defendant Speedway Superamerica, LLC ("Speedway"), a gas station chain, who were allegedly obliged to pay for gasoline before filling their tanks ("pre-payment") while white customers were allowed to fill their tanks and pay afterwards. The plaintiffs seek relief on behalf of themselves and a class of African-American customers under 42 U.S.C. §§ 1981-1982 (Count I) and 42 U.S.C. § 2000a (Count II). Speedway successfully moved to dismiss the § 2000a claims of all plaintiffs other than Perry Whiteside for failure to comply with state notice requirements and to dismiss plaintiff Debra McCarroll's claim under Count I under the statute of limitations. Plaintiffs now move for class certification. I GRANT the motion, but as to a narrower class than that requested by the plaintiffs.

I note, first, that nearly identical classes were certified in nearly identical cases against different defendants twice in the last three years. *Hill v. Amoco Oil Co.*, No. 97-C7501, 2001 U.S. Dist. LEXIS 3082, (N.D. Ill. Mar. 15, 2001) (certifying class of African-Americans allegedly obliged to pre-pay for gasoline at Chicago-area Amoco stations); *Hill v. Shell Oil Co.*, No. 98-C5766, 2002 U.S. Dist. LEXIS 13396 (N.D. Ill. Mar. 28, 2002) (certifying class of African-Americans allegedly obliged to pre-pay for gasoline at Chicago-area Shell stations). In order to gain class certification, plaintiffs must satisfy the four requirements of Rule 23(a) (numerosity, commonality, typicality, and adequate representation) as well as the requirements of at least one subcategory of Rule 23(b). Like the plaintiffs in the previous litigation on the subject, plaintiffs here easily meet the standards of Rule 23(a). The plaintiffs have identified 72 individuals who claim to have been mistreated in a similar fashion by the defendant; this is more than enough to render joinder impracticable. *Hill v. Amoco Oil Co.*, 2001 U.S. Dist. LEXIS 3082, at *15-16. The commonality and typicality requirements, usually analyzed together, are similarly met. There is a question of law or fact common to the resolution of all class members' claims (whether the defendant engaged in a pattern of discrimination against African-Americans by requiring prepayment). *Id.* at *17. The named plaintiff's claim arises from the same event or practice or course

2

of conduct that gives rise to the claims of other class members (the alleged discriminatory conduct) and his claims are based on the same legal theory. *Id.* at *18-19. Finally, there is no reason to doubt the adequacy of representation. Representation is adequate where the plaintiff's attorney has the qualifications and experience necessary to conduct the litigation and if the named plaintiff has no interests antagonistic to those of the proposed class. *Id.* at *20. The defendant argues, first, that the plaintiffs' attorneys are obviously inadequate because of a failure to submit evidence as to other members of the class. This is a perplexing argument; plaintiffs do submit a good deal of such evidence. Next, it argues that there is no viable class representative because plaintiffs have failed to meet their burden of showing that Perry Whiteside may serve in that capacity. As I stated in my earlier order, there is every indication that he may.

Plaintiffs seek certification under both Rule 23(b)(2) and 23(b)(3). They meet the requirements for certification under 23(b)(2). Such certification is appropriate where the defendant acted on grounds generally applicable to the class and where declaratory or injunctive relief is necessary. Cases involving racial discrimination against a large group of individuals are textbook examples of the type of action appropriately resolved under 23(b)(2). *Id.* at *22-23.

The more onerous requirements of Rule 23(b)(3), however, are not met here. In order to satisfy this rule, plaintiffs must show that common questions predominate in the suit and that a class action is superior to other methods of adjudication. Rule 23(b)(3) certification was denied in *Hill v. Amoco Oil* because individual questions respecting not only damages, but also liability, would have to be resolved in each of hundreds or thousands of individual cases. *Id.* at *28. "Where, as here, individual questions bearing on liability predominate over common questions, certification of a Rule 23(b)(3) class is inappropriate." *Id.* at *26-27. I agree with Judge Gottschall's analysis in that case. If an African-American was required to prepay at a Speedway station, she would be a member of the class, but if all other customers (including Caucasians) were also required to prepay at that station or at that hour, she would not have demonstrated that Speedway discriminated against her. *Id.* at *26.

Finally, the plaintiffs ask for a class consisting of all African-American persons who have purchased gasoline at the defendant's stations in Cook, Lake, DuPage, McHenry, Will, and Kane Counties in Illinois as well as Lake County in Indiana. They further ask for a subclass consisting of those persons who were required to prepay. The proposed class is overly broad; persons who were not required to prepay suffered no injury alleged in the complaint. The class is certified as to African-Americans required

4

to prepay for gasoline at the defendant's stations in the named
counties.

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated:     July _19_ , 2004